UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:05-CV-202-R

YORIG R. REYES                                                PETITIONER

v.

JOHN MOTLEY                                                  RESPONDENT

### MEMORANDUM OPINION

Petitioner, Yorig R. Reyes, *pro se*, challenges a decision of the Kentucky State Parole Board requiring him to serve out a life sentence. He files a petition under 28 U.S.C. § 2254 and contends the parole board violated his ex post facto, due process and equal protection rights guaranteed under the Federal Constitution. He seeks another parole hearing. This matter is before the Court for preliminary review. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. following § 2254. The Court will dismiss the petition because the relief Petitioner seeks lies outside the writ of habeas corpus; however, the Court will dismiss without prejudice so that Petitioner may refile his complaint under 42 U.S.C. § 1983.

### I.

In March, 1989, the Christian Circuit Court of the Commonwealth of Kentucky sentenced Petitioner to life plus eighty-three years' imprisonment on a conviction following a guilty plea to attempted murder, conspiracy to murder, first degree robbery, first degree sodomy, and conspiracy to first degree sodomy. Petitioner committed these crimes in 1985. In 1993, Petitioner was convicted of second-degree escape.

On three occasions, the parole board has determined that Petitioner should serve out his sentence. In his latest request for parole, Petitioner pursued an administrative appeal, which was denied October 11, 2002. Petitioner sought state judicial review of the board's decision, on

grounds raised in this federal petition, first in the Franklin Circuit Court and on appeal to the Kentucky Court of Appeals. *Reyes v. Coy*, 2004 WL 2914912 (Ky. App. Dec. 17, 2004), *discretionary review denied* (April 13, 2005) (affirming the trial court's grant of summary judgment to the defendants on claims based on ex post facto, due process and equal protection provisions of the Federal Constitution).

The state court let stand the parole board's serve-out decision, rendering Petitioner ineligible for parole for the duration of his life sentence. Here, as in state court, Petitioner advances an interpretation of state administrative regulations (in effect before amended in 1988) that would entitle him, among other things, to reconsideration for parole under a deferment not to exceed eight years. It bears mentioning the Kentucky Court of Appeals rejected Petitioner's interpretation and held the pre-amended version, absent the express provision in the 1988 amendment, implicitly authorized a serve-out decision. *Id.* at *3 (stating, "[W]e do not believe that by failing explicitly to mention serve-outs, 501 KAR 1:011 § 2 necessarily required the Board to review an inmate's parole every eight years.").

Today, Petitioner requests specifically that this Court "issue an order directing the Kentucky State Parole Board to assemble an independent quorum consisting of three (3) members to consider the Petitioner for parole" and "to apply the statute and regulations in effect in 1985 when the crimes were committed." Petitioner further requests that "once the designated findings have been made by the independent quorum that a certificate of parole be issued releasing Petitioner from custody and placing the Petitioner on immediate parole." (Petition at p. 24).

**II**.

Federal jurisdiction over a state prisoner's constitutional challenge to a state parole determination typically arises under 28 U.S.C. § 2241, rather than § 2254.  *See Ali v. Tennessee Bd. of Pardon and Parole*, — F.3d — , 2005 WL 3369877 (6ᵗʰ Cir. 2005) (noting the district court's distinction between a petition challenging the execution, computation or manner of the sentence rather than the conviction or sentence itself).  Statutory precision aside, a primary characteristic of the writ of habeas corpus is that the remedy alters custody.  *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) (stating the "core of habeas corpus" is "the constitutionality of [a prisoner's] physical confinement itself," and thus the result it seeks is "either immediate release from that confinement or the shortening of its duration."); *see also Wilkinson v. Dotson*, 125 S.Ct. 1242, 1243-44 (2005).

In *Wilkinson v. Dotson*, two state prisoners sought injunctive and declaratory relief in a civil rights action under 42 U.S.C. § 1983 as a means of compelling parole decision-makers to grant another parole hearing and to apply more lenient guidelines than appeared in an amendment following their convictions.  The Court held these claims were cognizable under § 1983 rather than falling within the exclusive domain of the federal habeas corpus statutes.  *Id.*  In his concurring opinion, Justice Scalia clarified inversely that "to order relief that neither terminates custody, accelerates the future date of release from custody, nor reduces the level of custody" lies outside the "core of habeas corpus."  Simply mandating a new, discretionary parole hearing under new procedures that may or may not result in release would, he continued, "utterly sever the writ from its common-law roots."  *Id.* at 1250.  A prisoner who rests his claim only on procedural errors in denying discretionary parole does not claim a right to release and cannot obtain habeas relief.  *Id*. at 1251.

Here, Petitioner stops short of seeking immediate parole or conditional parole based on constitutional error.  Rather, he seeks an injunction compelling consideration of his parole request under a different set of procedures – that is, as he interprets the administrative regulations.  A different quorum, a different set of administrative regulations, may or may not spell speedier release.  Thus, Petitioner's claims properly lie within § 1983 rather than within the Court's habeas jurisdiction.

The Sixth Circuit suggests the proper disposition in such cases is to dismiss without prejudice and require the claimant to file a § 1983 action, in compliance with the Prisoner Litigation Reform Act, codified in part in 28 U.S.C. § 1915A.  *Marin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

## III.

The Court will deny a certificate of appealability, pursuant to 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 485 (2000) (stating an appeal is warranted if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").  The court concludes no jurists of reason would find debatable the application of *Wilkinson v. Dotson* to the present action.

The Court will enter an Order consistent with this Memorandum Opinion.

Dated:

cc:     Plaintiff, *pro se*
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.007